**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JUDITH YIGAL,** *et al.* | CASE NO. 1:22 CV 519 |
| Plaintiffs, | JUDGE CHARLES E. FLEMING |
| v. | |
| **JULIA A. BUTLER,** *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiffs Judith Yigal and Omri Yigal (collectively "Plaintiffs") filed this action against twenty-two individuals ("Defendants") who were involved in a Georgia juvenile court child custody case. Plaintiffs filed two cases in the United States District Court for the Western District of Washington. Both cases were based on the same facts and were filed against the same Defendants, which are also the same Defendants named in this case. The Western District of Washington transferred the cases to the United States District Court for the Southern District of Georgia. The Southern District of Georgia dismissed one of those cases, stating that the Court lacked subject matter jurisdiction to make a child custody decision or to overturn the child custody decision already made by the state court. *See Yigal v. Butler*, No. 4:21 CV 230 (S.D. Ga. Mar. 25, 2022). Plaintiffs have now filed this action asking this Court to reject the Report and Recommendation of the Magistrate Judge in the Southern District of Georgia and allow them to litigate their claims anew in this Court. For the reasons set forth below, this action is dismissed.

1

## BACKGROUND

Plaintiffs' Complaint in this case contains very few facts. Much of the background information for this pleading was gleaned from Plaintiffs' Complaint in *Yigal v. Cole*, No. 4:21 CV 79 (S.D. Ga. Filed Mar. 23, 2021), which is still pending in the United States District Court for the Southern District of Georgia.

In August 2017, a report was made to Savannah, Georgia police that Omri Yigal believed his child, R.Y., was possessed by a demon and desired to have an exorcism performed on her in Cuba. Concerns regarding Omri Yigal's mental health and his ability to care for R.Y. led to juvenile court proceedings in Georgia and removal of the child from Omri Yigal's care. The child's mother was living in the Philippines, so the child was placed in foster care with Defendant Julia Butler ("Butler"), who appears to be a biological relative. Butler moved the child to her home in Cuyahoga County, Ohio. Plaintiffs are Filipino and Cherokee and practice the Jewish faith. They claimed that the decision to remove R.Y. from Omri Yigal's care was motivated by their religion and national origin.

Plaintiffs filed two cases in the United States District Court for the Western District of Washington. The Western District of Washington transferred both cases to the United States District Court for the Southern District of Georgia. Both cases are asserted against the same Defendants and are based on the same facts. The Magistrate Judge assigned to Case No. 4:21 CV 230 invited Plaintiffs to show cause why the actions should not be consolidated. The Plaintiffs indicated that although the two cases were related, Case No. 21 CV 79 focused on violations of civil rights and sought damages while Case No. 21 CV 230 was directed at custody. The Magistrate Judge then issued his Report and Recommendation indicating that Case No. 4:21 CV 230 should be dismissed because the domestic relations exception to diversity jurisdiction applied

to prevent federal courts from issuing child custody orders. The Magistrate Judge also noted that the District Court lacked subject matter jurisdiction to overturn a state court judgment on custody, citing the *Rooker-Feldman* Doctrine. Plaintiffs filed objections to the Report and Recommendation; however, the Court adopted it and dismissed the case. Plaintiffs appealed that decision to the United States Eleventh Circuit Court of Appeals, who affirmed the District Court decision. The other action, Case No. 21 CV 79, which asserts civil claims for violation of the Racketeering Influenced Corrupt Organizations Act ("RICO"), is still pending.

Plaintiffs have now filed this action in the Northern District of Ohio, claiming the Magistrate Judge in Georgia made critical errors that denied them constitutional rights. They contend they filed the action under 42 U.S.C. § 1983 and criminal statutes but the Magistrate Judge reframed their Complaint as a civil action. Moreover, they contend they were not permitted to present evidence which shielded the Defendants' conduct. Plaintiffs object to the Magistrate Judge's Report and Recommendation, and they are bringing this action for criminal child abduction, money laundering in aid of racketeering, and deprivation of rights under color of law.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

As an initial matter, this Court lacks subject matter jurisdiction to review another District Court's decision. *See Unites States v. Westine*, No. 14–10, 2014 WL 7004930, at *3 (E.D.Ky. Dec.10, 2014) (stating that "this Court has no jurisdiction to upset or review a past judgment issued by another District Court"); *Hirsch v. United States Marshals Serv.*, No. 13–1473, 2013 WL 5496807, at *1 (D.D.C. Sept.26, 2013) ("Plaintiff seeks an order from this Court to declare the underlying judgment void for lack of jurisdiction ..., but this Court lacks jurisdiction to review the orders of another district court." (internal quotation marks omitted)); *Cherry v. McDonough*, No. 4:07 cv 445–RH/WCS, 2008 WL 482739, at *4 (N.D. Fla. Feb.18, 2008) ("This court has no authority to review decisions of another district court, or of the Eleventh Circuit, which reviews judgments of this and other district courts."); *Dana Corp. v. Fireman's Fund Ins. Co.*, Nos. 3:83CV1153, 3:85CV7491, 1997 WL 135591, at *2 (N.D. Ohio Feb.10, 1997) ("I am unaware of

any jurisdictional grant by Congress that authorizes one district court to sit in review of judgments by another district court.").

Similarly, Plaintiffs cannot relitigate in this Court a case that was already decided by the Southern District of Georgia. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). The term "*res judicata*" literally means "a thing adjudged" or, more freely translated, "a matter decided." 46 Am. Jur. 2d Judgments § 442. When one court has already resolved the merits of a case, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*.

The claims and issues in this case were asserted against the same Defendants based on the same incidents that were the subject of the case before the Southern District of Georgia in Case No. 21 CV 230. Although the Southern District of Georgia did not make an independent determination of child custody or attempt to overturn the state court's prior decision on custody, their decision that federal courts lack subject matter jurisdiction to make those determinations is a decision on the merits of the case. The Eleventh District Court of Appeals affirmed that decision. Because the Southern District of Georgia ruled on the merits of the case, *res judicata* bars Plaintiffs from litigating the case in a new venue in the hope of obtaining a different result.

Moreover, Plaintiffs' attempt to characterize this as a criminal action not only fails to avoid the bar of *res* judicata, it is procedurally insufficient. Plaintiffs cannot initiate criminal charges in

federal court. Criminal actions in federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). Furthermore, Plaintiffs cannot bring a civil action based on criminal statutes. The criminal statutes cited, child abduction and money laundering, do not have private rights of action. If they did provide a private right of action, they could and should have been brought in the case decided by the Southern District of Georgia. *Res judicata* would bar them from being brought in an action before this Court.

## CONCLUSION

Accordingly, Plaintiffs' Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: June 22, 2022

_____
JUDGE CHARLES E. FLEMING